# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**MILLICENT E. PERKINS**                                                                      **PLAINTIFF**

**VERSUS**                                                        **CIVIL ACTION NO. 2:04CV75-P-A**

**DOLLAR TREE STORES, INC.**                                                                **DEFENDANT**

## MEMORANDUM OPINION

This cause is before the Court on the defendant's Motion for Summary Judgment [28-1]. The Court, having reviewed the motion and being otherwise fully advised in the premises, finds as follows, to-wit:

### FACTUAL BACKGROUND

Millicent Perkins began working for Dollar Tree Stores, Inc. in October 2000. After Perkins completed a manager training course, Dollar Tree promoted her to the position of store manager of its Clarksdale, Mississippi store on January 10, 2001.

On March 3, 2003, Perkins submitted a notice requesting leave so that she might undergo corrective brain surgery for Arnold Chiari Malformation, a congenital condition in which the brain slips through the skull cavity onto the spinal column. She sought both paid vacation time and unpaid medical leave under the Family Medical Leave Act. Dollar Tree approved Perkins' request effective March 10, 2003. On March 21, 2003 Dollar Tree sent Perkins a letter confirming her approval for FMLA leave. The letter explicitly stated that Perkins' leave would expire on June 2, 2003.[1]

---

[1] In accordance with company policy, Dollar Tree included Perkins' fourteen days of vacation time and ten days of sick leave as part of her FMLA entitlement. The written policy provided: "Dollar Tree requires that you use any available paid time off benefits, sick pay and

However, Perkins never received the letter.

Thereafter, on March 31, 2003, Dollar Tree sent Perkins another letter pertaining to her continuation of benefits while on leave. Perkins selected the benefits coverage she desired, signed and dated the letter and returned it to Dollar Tree. On May 12, 2003, Dollar Tree sent Perkins a letter informing her of a delinquency in payment for certain continued benefits. The letter also noted that Perkins' leave was to expire on June 2, 2003. Perkins admits receiving the May 12, 2003 correspondence; in fact, she signed the letter and returned it to Dollar Tree with payment for continuing health coverage.

Perkins returned to her neurosurgeon for a follow up visit in late May 2003. At that time Dr. Brophy indicated that, while Perkins was making good progress toward recovery, he felt she would not be able to return to work for another two to three weeks. Perkins acquiesced to Dr. Brophy's judgment.

However, shortly thereafter, Perkins' sister, also a Dollar Tree employee, told Perkins that she overheard other store employees mention that Perkins' leave was to expire on June 2, 2003 and that she was expected to report to work on that day. Perkins then contacted Dr. Brophy, who maintained Perkins was in no condition to return to work on June 2, 2003. Dr. Brophy completed a work status form with a work release date of June 30, 2003 and submitted the form to Dollar Tree's home office.[2]

When Perkins failed to return to work at the expiration of her FMLA leave, Dollar Tree

---

vacation pay, during FMLA."

[2] Perkins also maintained that she attempted to contact Sam Swee, her supervisor; but Swee failed to return her telephone calls.

terminated her employment, treating it as a voluntary resignation.[3] Perkins nonetheless reported for duty at the Clarksdale, Mississippi store on June 30, 2003. After learning of the situation, Dollar Tree's district manager Sam Swee contacted Perkins at the store on July 1, 2003 and informed her that she had been discharged.

Perkins responded by filing an EEOC charge on September 8, 2003. Her charge alleged disability discrimination. After a brief investigation, the EEOC dismissed Perkins' charge and issued a right to sue letter. Perkins filed the instant suit seeking recovery under the FMLA and the ADA on December 22, 2003. Dollar Tree answered, denying all liability. After adequate opportunity for discovery, Dollar Tree moved for summary judgment. The matter has been fully briefed and the Court is ready to rule

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corporation v. Catrett, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S. Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. John v. State of La. (Bd. Of T. for State C. & U.), 757 F.2d 698, 712 (5th Cir. 1985).

A judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There

---

[3] Dollar Tree sent Perkins a certified letter informing her of her termination on June 2, 2003. However, Perkins testified in her deposition that she did not receive the termination letter until August 28, 2003. Curiously enough, Perkins admits to receiving the company's June 5, 2003 COBRA notice, as well as a June 19, 2003 letter confirming receipt of Perkins' first COBRA premium.

is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 91 L.Ed.2d 202, 106 S. Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. Phillips Oil Company, v. OKC Corporation, 812 F.2d 265, 272 95th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. See Celotex, 477 U.S. at 323, 106 S. Ct. at 2552. Topalian v. Ehrman, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. McPherson v. Rankin, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. Union Planters Nat. Leasing v. Woods, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Topalian, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond

unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." John, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment, " even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. Id. at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. Ferguson v. National Broadcasting Co., Inc., 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." In Re Municipal Bond Reporting Antitrust Lit., 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed. R. Civ. P. See also Union Planters Nat. Leasing v. Woods, 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court, (Topalian, 954 F.2d at 1137), "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention–the court must consider both before granting a summary judgment." John, 757 F.2d at 712, quoting Keiser v. Coliseum Properties, Inc., 614 F.2d 406, 410 (5th Cir. 1980).

## LEGAL ANALYSIS

A.  ADA Claim

Plaintiff challenges the defendants' decision to discharge her as a violation of the Americans with Disabilities Act. In order to prove discrimination under the ADA, a plaintiff must first prove

a prima facie case of discrimination under McDonnell-Douglas Corporation. v. Green. 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973). In order to make out a prima facie case under the ADA, plaintiff must show:

1. She has a disability;

2. She is a qualified individual with a disability who can perform the essential functions of a job with or without accommodation; and

3. She experienced an adverse employment action due to her disability.

Burch v. City of Nacogdoches, 174 F.3d 619-20 (5th Cir. 1999); Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 396 (5th Cir. 1995); Trawick v. Hantman, 151 F. Supp.2d 54, 60 (D.C. 2001). Once a plaintiff establishes a prima facie case, the burden then shifts to the defendant employer to articulate a legitimate, nondiscriminatory reason for the employment decision. McDonnell-Douglas at 802-03. If the employer does so, the burden then shifts back to the plaintiff to produce evidence tending to establish that the reason advanced in support of the decision is a mere pretext for discrimination. Id. at 804, 807. A plaintiff may do so by producing evidence of discriminatory motive or by showing the employer's "basis" for the refusal to hire unworthy of belief and that, instead, the true reason was unlawful discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 516-519 (1993). The plaintiff at all times retains the ultimate burden of persuading the fact finder that the employment decision was the result of intentional discrimination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253, (1981).

Dollar Tree disputes Perkins' ability to establish the disability element of her prima facie case. Under the ADA, the term "disability" means: 1) a physical impairment that substantially limits one or more of the major life activities of an individual; 2) a record of an impairment; or 3) being regarded as having an impairment. 42 U.S.C. § 12012(2); Toyota Motor Manufacturing v. Williams,

534 U.S. 184, 193, 122 S. Ct. 681 (2002).

Plaintiff avers that her affliction qualifies under the first prong of the statutory definition of a disability.[4]  In order to succeed on her claim, Perkins must prove:

1) she has an "impairment" within the meaning of the ADA;

2) the activity upon which she relies is a "major life activity;" and

3) the impairment "substantially limits" the major life activity.

Bragdon v. Abbott, 524 U.S. 624, 631, 118 S. Ct. 2196 (1998); Waldrip v. General Electric Co., 325 F.3d 652, 654 (5th Cir. 2003).  In Waldrip, the Fifth Circuit iterated: "[T]hese terms need to be interpreted strictly to create a demanding standard for qualifying as disabled."

Dollar Tree admits Perkins' medical condition constitutes a physical impairment under the EEOC regulations.  See 45 C.F.R. § 84.j(j)(2)(I).  However, defendant strongly contests Perkins' ability to demonstrate either that her impairment limits a major life activity or that any such limitation is substantial.  Toyota Motor, 534 U.S. at 195.

Major life activities include functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, sleeping, sitting, standing, lifting, reaching and working.  McInnis v. Alamo Community Coll. Dist., 207 F.3d 276, 280 (5th Cir. 2000); 29 C.F.R. § 1630.2.  The record is replete with Perkins' denial that her impairment interfered with such activities.  Instead, Perkins testified that she has always been capable of caring for herself.  She never missed work because of her condition; she worked as many as seven days a work and put in sixty to seventy hours weekly.  Perkins' physician released her to work effective June 30, 2003 with no restrictions.  Plaintiff confessed no problem sleeping at night; she performs numerous physical

---

[4] In her brief in opposition to summary judgment, plaintiff asserted that she met the alternative definitions of disability.  However, the record is devoid of any evidence to support either theory.

activities including walking and playing with her nieces and nephews. She has no difficulty breathing, eating, talking or performing any other major life function.[5] Because plaintiff cannot adduce sufficient evidence to support the disability element of her prima facie case, Dollar Tree is entitled to judgment as a matter of law on Perkins' ADA claim.

B.   FMLA Claim

Perkins' also asserts a right of recovery under the Family and Medical Leave Act. The Act permits eligible employees working for covered employers to take up to twelve weeks of job protected leave for various medical reasons with a guarantee of reinstatement to an equivalent position with equivalent benefits, pay and other terms and conditions of employment. Balcabos v. Nat's W. Life Ins. Co., 162 F.3d 379, 383 (5th Cir. 1998); 29 U.S.C. § 615(a).

Dollar Tree's position is simple. Dollar Tree complied with the FMLA's substantive requirements by granting Perkins' FMLA twelve weeks of leave from March 10, 2003 through June 1, 2003. Perkins failed to return to work on June 2, 2003, the day after the expiration of her approved leave period. Accordingly, the company was within its rights in refusing to restore her to her former position when she attempted to return to work four weeks later. Hunt v. Rapides Healthcare System, LLC, 277 F.3d 757, 764 (5th Cir. 2001). See also McGregor v. Autozone, Inc., 180 F.3d 305, 1308 (11th Cir. 1999).

Reference to Perkins' opposition reveals the chief thrust of Perkins' claim to be her perception that Dollar Tree failed to properly notify her of her FMLA leave rights as required under 29 C.F.R. § 825.208(a). Perkins asserts that the company's failure to provide proper notice excused

---

[5] The only major life activity to which Perkins' refers in her opposition is that of blurred vision. There is no medical evidence to substantiate the extent to which Perkins' vision is affected. Without such proof, there is no genuine issue of material fact respecting Perkins' ADA claim.

her failure to return to work after exhausting the approved period of leave mandated by the FMLA and entitled her to reinstatement upon her dilatory return to the workplace.

Plaintiff's theory confuses the administrative notice requirements of the FMLA with its substantive provisions. Assuming for purposes of the instant motion that Dollar Tree did, indeed, fail to comply with the FMLA's notice provisions, Perkins received every benefit to which she was entitled under the FMLA.

The Supreme Court made it abundantly clear in <u>Ragsdale v. Wolverine World Wide, Inc.</u>, that an employer's allegedly defective notice does not entitle an employee to protection beyond that provided by the Act. 535 U.S. 81, 122 S. Ct. 1155 (2002) (invalidating 29 C.F.R. § 825.700(a) as contrary to the FMLA's remedial design).[6] Numerous district courts have been called on to construe the effect of <u>Ragsdale</u> on the regulatory provisions upon which Perkins relies. In every instance the courts concluded that <u>Ragsdale</u> implicitly invalidated 29 C.F.R. § 825.208(a). <u>See Katekovich v. Team Rent a Car of Pittsburgh, Inc.</u>, 36 Fed. Appx. 688, 691 (3rd Cir. 1991); <u>Miller v. Personal-Touch of Virginia, Inc.</u>, 342 F. Supp.2d 499, 514-515 (E.D. Va. 2004); <u>Donahoo v. Master Data Center</u>, 282 F. Supp.2d 540, 555 (E.D. Mich. 2003); <u>Felder v. Winn-Dixie Louisiana, Inc.</u>, 2003 WL 22966364 (E.D. La. 2003); <u>Roberson v. Cendant Travel Servs., Inc.</u>, 252 F. Supp.2d 573, 577 (M.D. Tenn. 2002).[7] This Court concludes likewise. The defendant's motion for summary judgment is

---

[6] "If an employee takes paid or unpaid leave and the employer does not designate the leave as FMLA leave, the leave taken does not count against the employee's FMLA leave entitlement." 29 C.F.R. § 825.700(a).

[7] Perkins' alternative argument that Dollar Tree waived the twelve-week limitation on medical leave based on representations made by Monica Robinson, Dollar Tree's assistant director for human resources. Plaintiff's argument depends on her assertion that she could have return to work on June 2, 2003 had she known her twelve weeks had expired. Her assertion ignores that fact that she received Dollar Tree's May 12, 2003 letter which referenced a leave expiration date of June 2, 2003 in addition to other less formal means of notification. Finally, Perkins' physician knew she was expected to return to work by June 2, 2003 and refused to

well-taken as to plaintiff's FMLA claim.

CONCLUSION

Based on the foregoing facts and analysis, the Court finds that the defendant's Motion for Summary Judgment is well-taken and should be granted. A judgment will issue accordingly.

This, the 23rd day of May, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

release her for work for another four weeks. There is no evidence to support Perkins' assertions in this regard.